UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08CV-110-H

DAVID A. McCOY                                                                                                          PLAINTIFF

V.

PLUMBERS & PIPEFITTERS, LOCAL #502                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, David McCoy, has filed a claim against Defendant, Plumbers & Pipefitters Local #502, alleging that it racially discriminated against him by not obtaining work for him as a plumber or by sending him to jobs out of town to discourage him from remaining a member of the Union. After the discovery period was completed, Defendant has now moved for summary judgment.

The Court has thoroughly reviewed the file and the limited response made by Plaintiff's attorney, who was only engaged at the very last moment of the litigation. Plaintiff has no evidence that his failure to obtain employment was related to his race. Indeed, Plaintiff's apparent alcoholism, job related performance issues and his absence of specific skills are the reasons that it has been difficult for Defendant to provide him with job opportunities. Moreover, Plaintiff's claim against the Union is further barred by his failure to exhaust his administrative remedies. The Court concludes that Plaintiff cannot succeed in any of his claims.

To a great extent Plaintiff's discrimination claims are barred by the statute of limitations. Under Kentucky law, Plaintiff must file a charge of discrimination within 300 days of the alleged

unlawful employment practice. Here, Plaintiff does allege a number of specific jobs on which he alleges discrimination. However, Plaintiff did not file his EEOC administrative claim until January 18, 2007. All of these specifically alleged acts of discrimination occurred many years prior to that. Therefore, to the extent Plaintiff alleges specific acts of discrimination, the statute of limitations bars all of them.

Other than these specific jobs which occurred many years prior to his administrative claim, Plaintiff cannot state with any specificity the jobs which he was denied nor the names of the persons who received employment in his place. Absent this kind of information or allegation, Plaintiff cannot establish even a prima facie case of discrimination. For example, he cannot establish a specific adverse employment action, his qualification for a particular job or that a similarly situated employee not in the protected category was more favorably treated. *See McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973).

In addition, Defendant has established that many non-discriminatory reasons existed for the failure of Plaintiff to receive job referrals. The evidence showed that Plaintiff lacked the skills to receive a referral on many of the jobs available. According to Defendant's unrebutted affidavits, Plaintiff had few skills beyond those required of a basic journeyman plumber and, therefore, he was unqualified for any job which required special skills. Defendant notes that it is possible for workers to be hired by request of certain contractors. However, Plaintiff has repeated problems with alcohol abuse which resulted in some reputation for poor job performance. These problems have further limited his ability to obtain employment. Finally, Plaintiff has attempted to incorporate allegations of unfair labor practice against the Union. Plaintiff made a request of the Regional Director of the National Labor Relations Board to file

such a claim and that request was denied.  Consequently, this Court has no jurisdiction to review such a denial.

The Court has thoroughly reviewed all of the claims in this case.  Admittedly, Plaintiff has been handicapped by his pro se status, his failure and refusal to initiate or respond to discovery, and his failure to obtain legal counsel until the very last moment.  Nevertheless, Defendant has amply demonstrated that Plaintiff has no possibility whatsoever of demonstrating the claims made in his lawsuit.  Consequently, the Court believes that it is appropriate to dismiss these claims in their entirety.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is SUSTAINED and Plaintiff's claims are DISMISSED WITH PREJUDICE.

This is a final and appealable order.

cc:     Counsel of Record